**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSA TORO, et al., | Civil Action No. 17-2644 (ES) |
| Plaintiffs, | |
| v. | MEMORANDUM |
| THE UNITED STATES FEDERAL BUREAU OF INVESTIGATIONS, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

1. *Pro se* Plaintiff Yanilda Toro filed an application to proceed in the District Court without prepaying costs of fees—i.e., a request to proceed *in forma pauperis*. (D.E. No. 1-4). In an April 24, 2017 Order granting Plaintiff Yanilda Toro's request to proceed *in forma pauperis*, the Court stated that it must screen the Complaint for *sua sponte* dismissal *prior to* service—and to dismiss if there is a failure to state a claim upon which relief may be granted and/or to dismiss any defendant who is immune from suit. (D.E. No. 2 (citing 28 U.S.C. § 1915(e)(2)(B)).

2. But, as indicated in the April 24, 2017 Order (*see id.*), the Court was unable to screen the the document titled "COMPLAINT" because it is largely illegible (*see* D.E. No.1).[1]

---

[1] As also set forth in the Court's April 24, 2017 Order (*see* D.E. No. 2 at 2 n.1), the Court recommended that, if Plaintiffs submit any future filings, they should ensure that the filings are legible so the Court can conduct a proper review under 28 U.S.C. § 1915(e)(2)(B). *Cf. In re Tucker*, 683 F. App'x 166, 167 n.1 (3d Cir. 2017) ("If [petitioner] submits any future filings, he should do so in typewritten form if possible or consider seeking out the assistance of someone who can help him in writing them more legibly. We do not suggest that [petitioner] is legally entitled to any such assistance. Instead, we merely note that if there are any future filings, it would be

1

Accordingly, the Court granted Plaintiff Yanilda Toro's request to proceed *in forma pauperis*, but dismissed the Complaint *without prejudice*. (D.E. No. 2). Further, the Court noted that, if the other Plaintiffs—Rosa Toro and Richard Toro—wished to remain parties in this action, each must sign any future amended complaint pursuant to Federal Rule Civil Procedure 11(a). (*Id.* at 2 n.2). Finally, the Court noted that, to the extent Plaintiff Yanilda Toro was attempting to litigate on behalf of these other Plaintiffs (without properly alleging third-party standing), this is generally impermissible. (*See id.* (citing authority)).

3. The Court received no submissions in response to its April 24, 2017 Order and, on September 14, 2017, a notice of call for dismissal pursuant to Local Civil Rule 41.1(a) was issued. (D.E. No. 3). In response to the September 14 call for dismissal, the Court received a one-page handwritten submission from Plaintiff Yanilda Toro indicating that she sought to pursue this matter. (*See* D.E. No. 4). But the Court did not receive an amended complaint to screen as required by the April 24, 2017 Order. Nor could the one-page submission constitute, no matter how liberally construed, a complaint—especially in light of the type of document previously submitted with the tittle "COMPLAINT." (*See* D.E. No. 1; *id.*).

4. Accordingly, the Court issued an Order on October 16, 2017 (D.E. No. 5) briefly recounting the above procedural history, ordering compliance with the Court's April 24, 2017 Order, and ordering that, if no legible amended complaint was received within 60 days of the October 16 Order, this action would be dismissed and closed without further notice. (*See id.*).

---

helpful to the courts in identifying and considering his requests for relief for them to be legible.") (per curiam).

5. Thereafter, Plaintiff Yanilda Toro filed two letters addressed to the Undersigned that requested Marshal Service Forms (i.e., the Form USM-285). (D.E. Nos. 6 & 7). Further, in those letters Ms. Toro stated the relief that she seeks: return of her daughter from another state who allegedly was taken from her custody and lives with her father. (*See id.*).

6. *Pro se* complaints must be construed liberally and must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But the Court must still make sure (among other thing) that it has subject matter jurisdiction and, under 28 U.S.C. § 1915(e)(2)(B), the complaint states a claim upon which relief may be granted. *See, e.g.*, *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007); *see also Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) ("The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).").

7. Here, given the illegibility and lack of clarity in the operative Complaint (D.E. No. 1), the Court is unable to screen under 28 U.S.C. § 1915 to determine whether it contains "a short and plain statement of the claim showing that the pleader is entitled to relief" under Federal Rule of Civil Procedure 8(a)(2). Whatever claim Plaintiff Yanilda Toro may have, it is so obscured by illegible and unclear writing that the Court simply cannot discern the true nature of her claim(s). (*See* D.E. No. 1 at 4-5). Further, the Court has given Plaintiff Yanilda Toro—the only Plaintiff who has signed the Complaint (*see id.* at 5)—ample time and opportunity to submit a legible amended pleading that is responsive to either of the Court's orders. And, in both the April 24, 2017 and October 16, 2017 Orders, the Court cited certain authority supporting that, if Ms. Toro submits any future filings, she should

do so in typewritten form if possible or consider seeking the assistance of someone who can help her in writing them legibly. (*See* D.E. No. 2 at 2 n.1; D.E. No. 5 at 2 n.1). But, as noted, she has only reiterated her requested relief and requested Marshal Service Forms—which is insufficient and does not comport with this Court's previous Orders. "At the end of the day, [*pro se* litigants] cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d. Cir. 2013) ("Yet there are limits to our procedural flexibility. For example, pro se litigants still must allege sufficient facts in their complaints to support a claim.").

8. Accordingly, at this point, the Court is left with no choice but to dismiss the Complaint *with prejudice* and close this matter. *See Moss v. United States*, 329 F. App'x 335, 336 (3d Cir. 2009) ("When a district court is presented with a confusing and/or illegible complaint, the court may not dismiss the complaint pursuant to Rule 8(a) without first giving the litigant an opportunity to amend the defective pleading. Cognizant of this duty, the District Court appropriately afforded [the *pro se* plaintiff] an opportunity to conform her complaint to the requirements of Rule 8(a). She failed to do so and offers no reason to question the District Court's resolution of the matter.") (internal citation omitted); *Scibelli v. Lebanon Cty.*, 219 F. App'x 221, 222 (3d Cir. 2007) ("We discern nothing in the complaint that qualifies as a short and plain statement of a federal claim. Although [the *pro se* plaintiff] alleges defendants caused him 'injuries and violations of his Constitutional Rights,' the complaint fails to identify a federal constitutional or statutory basis for relief. Accordingly, the District Court properly dismissed [*pro se* plaintiff's] complaint.").

9. An appropriate Order accompanies this Memorandum.

*s/ Esther Salas*  
**Esther Salas, U.S.D.J.**